UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DAVID A. SCOTT, JR. | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:09 CV 500 |
| | ) | |
| HARBOR AUTOMOTIVE GROUP, | ) | |
| GENO BURELLI, DAVE LAWSON, | ) | |
| BRIAN MICHAELS and | ) | |
| MICHAEL NICHOLS, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff David A. Scott, Jr., proceeding *pro se*, has submitted a complaint naming as defendants an automobile dealer and four of its employees, in which he states the defendants conspired with Progressive Insurance Company, not named as a defendant, to commit fraud by working on his car without his permission, stealing property from it, and returning it to him in a condition unsafe to drive. He has also submitted an application to proceed *in forma pauperis*, that is, without paying a filing fee, pursuant to 28 U.S.C. § 1915.

Indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. However, the court is not required to allow commencement of the action, or alternatively may dismiss the case at any time, even if all or a portion of the filing fee has been paid, if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2)(B)(i)-(iii). It must also be kept in mind that a district court must dismiss an

action any time it becomes apparent that subject-matter jurisdiction does not exist. FED. R. CIV. P. 12(h)(3).

In order for this court to have subject-matter jurisdiction over this case, either the complaint must plead a "federal question," that is, an action arising from the Constitution, laws or treaties of the United States, 28 U.S.C. § 1331, or diversity of citizenship must exist, that is, at the time the complaint was filed, the plaintiff was not a citizen of the same state as any one of the defendants, and more than $75,000 is in controversy. 28 U.S.C. § 1332. Plaintiff Scott's complaint is not adequate to establish either basis for federal jurisdiction.

As to whether a federal question exists, the complaint states only a legal conclusion: "Harbor teamed up with their preferred insurance company to cheat plaintiff and only make a profit fraudulently is the Rico Act and defendants also acted recklessly and with disregard of the plaintiffs rights and property." (Compl., DE # 1 at 5) (*sic*). Although a civil "RICO" action, that is, one brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, potentially states a federal question, a complaint must contain more factual allegations than this to state a claim for relief:

> [A] plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). The adequacy of the facts pleaded depends on the complexity of

the claim for relief. *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). Allegations of fraud in a civil RICO complaint are subject to the heightened pleading requirements of FEDERAL RULE OF CIVIL PROCEDURE 9(b). *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001).

A civil RICO claim has four elements: 1) conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity. A RICO "enterprise" is a group of entities or individuals associated in fact for the common purpose of engaging in a course of conduct. *Boyle v. United States*, 129 S. Ct. 2237, 2243 (2009). A pattern of racketeering activity requires at least two of the predicate acts specified in 18 U.S.C. § 1961(1), within a ten-year period that are related and amount to, or pose a threat of, continuing criminal activity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). The complaint in the present case is devoid of any facts suggesting the existence of a plausible claim meeting these elements, causing this court to doubt that federal-question jurisdiction exists.

As to diversity jurisdiction, the complaint contains no allegations establishing the citizenship of any of the parties, nor suggesting that damages greater than the amount of $75,000 are at stake. Therefore it is not sufficient to invoke the court's diversity jurisdiction. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); *Boggs v. Adams*, 45 F.3d 1056, 1059 n. 7 (7th Cir. 1995).

Rather than dismissing this case, the court will strike the complaint and afford Scott time to file an amended complaint. In the amended complaint, he needs to plead

3

sufficient facts to state a plausible claim for relief and which establish a basis for the existence of federal jurisdiction, either on account of the existence of a federal question, or because complete diversity of citizenship exists and more than $75,000 is at stake.

For the foregoing reasons, the court:

(1) **TAKES UNDER ADVISEMENT** the *in forma pauperis* petition (DE 2);

(2) **STRIKES** the Complaint (DE 1);

(3) **GRANTS** plaintiff Scott to and including January 15, 2010, to file an amended complaint; and

(4) **CAUTIONS** plaintiff Scott that if he does not respond by that date, this case will be dismissed without further notice.

**SO ORDERED.**

Date: December 9, 2009

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT